IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TINA I. JAYNE,                    )
)    C.A. No. K21C-03-021 NEP
        Plaintiff,          )
)
    v.                     )
)
)
BAYHEALTH MEDICAL CENTER, INC., )
)
        Defendant.       )

Submitted: June 17, 2021
Decided: July 19, 2021

## ORDER

**Upon Review of the Affidavit of Merit
ACCEPTED**

1. This matter involves a healthcare negligence suit filed by Plaintiff Tina I. Jayne ("Plaintiff") against Defendant Bayhealth Medical Center, Inc. ("Defendant"). Defendant has asked the Court to review the affidavit of merit filed in this case to determine whether it satisfies 18 *Del. C.* § 6853(a)(1) and (c).

2. Plaintiff filed her Complaint on March 11, 2021, alleging that Defendant is responsible for the alleged medical negligence of its agents, servants, and/or employees. Specifically, the Complaint alleges that Dr. John R. Burger, as an employee of Defendant, was negligent in performing surgery and post-operative treatment on Plaintiff's right ankle/foot, and that as a result, Plaintiff has experienced pain, suffering, and physical injuries.

3. In Delaware, a healthcare negligence lawsuit must be filed with an of merit as to each defendant, signed by an expert, and accompanied by the expert's current

*curriculum vitae*.[1]  The expert must be licensed to practice medicine as of the affidavit's date, engaged in such practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field as the defendant if the defendant is Board certified.[2]  The affidavit must also state that reasonable grounds exist to believe that the applicable standard of care was breached by the defendant and that the breach was a proximate cause of injury alleged in the complaint.[3]  Additionally, the affidavit must be filed under seal and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[4]  The affidavit's requirements are "purposefully minimal."[5] Affidavits that merely track the statutory language are deemed sufficient.[6]

4.  With regard to the affidavit of merit filed with the Court on May 11, 2021, the Court has performed an *in camera* review.

5.  Turning to the expert in question, the Court finds as follows:

   a.  The expert signed the affidavit.

   b.  The current *curriculum vitae* of the expert is attached.

---

[1] 18 *Del. C.* § 6853(a)(1).

[2] *Id.* § 6853(c).  Of course, these requirements apply only if the expert is a physician, and the requirements regarding "same or similar field" apply only if the defendant is a physician. *McNulty v. Correct Care Solutions, LLC*, 2017 WL 1323711, at *2 (Del. Super. Apr. 7, 2017) (requirement of "same or similar" Board certification does not apply where defendant is not a physician); *accord Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *1 (Del. Super. Apr. 22, 2019) ("[B]ecause the defendant is not a physician, the statutory requirement of similar Board certification is not applicable.").  Here, Plaintiff alleges negligence against Defendant based on agency principles.  Thus, the statutory requirements of "same or similar field" are not applicable because Defendant is not a physician.

[3] 18 *Del. C.* § 6853(c).

[4] *Id.* § 6853(d).

[5] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[6] *Dishmon*, 32 A.3d at 342-43.

c. The expert was licensed to practice medicine as of the date of the affidavit.

d. Although the "same or similar field" requirements are not applicable because Defendant is not a physician, the expert is Board certified in foot and ankle surgery and has experience in treating patients as it relates to foot and ankle orthopedic care.

e. The affidavit states that "there are reasonable grounds to believe that there has been medical negligence committed by Defendants [sic] Bayhealth and Dr. Burger and the breach was the proximate cause of the injuries suffered by [Plaintiff]," and separately states that "it is my professional opinion that the standard of care was breached by Bayhealth and Dr. Burger which caused the injuries to [Plaintiff] as stated in the complaint."[7]

**WHEREFORE**, in consideration of the above, the Court finds that the affidavit of merit filed with the Court on May 11, 2021, complies with 18 *Del. C.* § 6853(a)(1) and (c).

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
via File & ServeXpress
oc:    Prothonotary
       Counsel of Record

---

[7] While this language does not track word for word that of 18 *Del. C.* § 6853(c), the Court finds that the affidavit satisfies the "purposefully minimal" requirements of the statute. *See Saddler v. Nanticoke Mem'l Hosp.*, 2012 WL 6846550, at *4 (Del. Super. Dec. 24, 2012) (quoting *Dishmon*, 32 A.3d at 342-43) (reiterating the Delaware Supreme Court's findings that the affidavit of merit requirements are "purposefully minimal" and that it was not the General Assembly's intent to require a mini-trial at this stage of the litigation).